IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| SHELIA BAUCOM, | ) | |
| | ) | |
| PLAINTIFF, | ) | Civil Action File No.: |
| | ) | |
| VS. | ) | |
| | ) | **COMPLAINT WITH** |
| MERCHANTS ADJUSTMENT | ) | **JURY TRIAL DEMAND** |
| SERVICE, INC., | ) | |
| | ) | |
| DEFENDANT | | |

**PRELIMINARY STATEMENT**

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

**PARTIES**

1.  Plaintiff, Shelia Baucom, is a natural person who resides in Meriwether County, Georgia.

2. Defendant, Merchants Adjustment Service, Inc., is a corporation headquartered in Alabama, but registered to do business in Georgia. It can be served through its registered agent B.W. Savage, Merchants Adjustment Service, Inc. 833 3rd avenue, Columbus, Georgia, 31902.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Venue is proper in the Newnan Division because the conduct complained of herein occurred in Meriwether County.

## FACTUAL ALLEGATIONS

7. Plaintiff is allegedly obligated to pay a consumer debt arising out of medical services and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a collection agency specializing in the collection of consumer debt.

9. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

11. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. The Plaintiff has received communications from the Defendant related to an alleged medical debt that Defendant is collecting.

13. In an effort to obtain more information regarding the account, the Plaintiff initiated a telephone call to the Defendant on September 1st, 2021.

14. At that time, she was connected with an individual identifying herself as "Ms. Jones," a representative of the Defendant. After verifying the Plaintiff's identity, Defendant advised that it was indeed collecting medical debts owed by both her and her husband, James Baucom, totaling $2,630.97.

15. The Plaintiff asked why her debts were being combined with any debts that might be in collection for her husband. Defendant responded that it was because they are together. The Plaintiff stated that she and her husband are separated.

16. The Defendant then advised that with respect to the Plaintiff herself, Defendant was collecting five different accounts, totaling $1,320.55. Defendant further advised that all of the bills and accounts were from Piedmont South Imaging and that the dates of service were in 2019.

17. The Plaintiff advised Defendant that she had Medicaid in place during that time, and that all of these bills should have been covered under that program.

18. The Defendant responded that it had no way of contacting "an insurance provider" but that it didn't matter in any case because the bills could not be submitted to Medicaid at this point in time.

19. The Plaintiff made it completely clear to the Defendant that she did not believe she owed any of the charges in collection.

20. On or about September 9th, 2021, the Plaintiff caused to be sent to the Defendant a letter referencing their phone call and specifically requesting a list of medical debts that Defendant was collecting and reiterating that she had Medicaid at the time and should not have a remaining balance. A reproduction of this letter is set forth below:

September 9, 2021

Shelia Jean Baucom

▮▮▮▮▮▮▮▮

Newnan, GA 30263

Merchants Adjustment Service
P O Box 7511
Mobile, AL 36670

SSN: ▮▮▮▮▮-4275

I am following up on our call from September 1st. Please send me a list of the medical debts you are collecting. As I mentioned I had Medicaid at the time and should not have a remaining balance. Thank you.

Sincerely,

*Shelia Baucom*

21. Per the United States Postal Service, the Plaintiff's letter was received by the Defendant on September 14th, 2021, at 8:49 a.m. Proof of delivery as collected from the tracking website maintained by the United States Postal Service is reproduced below:

**USPS Tracking®**  FAQs >

Track Another Package +

**Tracking Number:** 9171969009350261675822                                Remove ✕

Your item has been delivered and is available at a PO Box at 8:49 am on September 14, 2021 in MOBILE, AL 36670.

✓ **Delivered, PO Box**
September 14, 2021 at 8:49 am
MOBILE, AL 36670

Get Updates ∨

22.     On October 25th, 2021, the Plaintiff accessed a copy of her credit report as published by Equifax, a major credit reporting agency. In reviewing that report, the Plaintiff discovered that the Defendant had reported three separate tradelines showing delinquent accounts in collection originating with Piedmont South Imaging. All of the accounts listed revealed dates of service in 2019. None of the tradelines reported by the Defendant include the critical disclosure that Plaintiff has disputed any liability or indebtedness related to these accounts. These tradelines are reproduced below:

**Date Reported: Oct 01, 2021**

| | | | |
|---|---|---|---|
| Collection Agency | MERCHANTS ADJUSTMENT SERVICE | Balance Date | Oct 01, 2021 |
| Original Creditor Name | PIEDMONT SOUTH IMAGING | Account Designator Code | INDIVIDUAL_ACCOUNT |
| Date Assigned | Mar 16, 2020 | Account Number | xxxxxx 98 |
| Original Amount Owed | $311 | Creditor Classification | Medical or Health Care |
| Amount | $311 | Last Payment Date | |
| Status Date | Oct 01, 2021 | Date of First Delinquency | Nov 03, 2019 |
| Status | UNPAID | | |

**Comments**

Medical

**Contact**

MERCHANTS ADJUSTMENT SERVICE
56 N FLORIDA STREET
MOBILE, AL  36607-3108
1-251-476-6666

**Date Reported: Oct 01, 2021**

| | | | |
|---|---|---|---|
| Collection Agency | MERCHANTS ADJUSTMENT SERVICE | Balance Date | Oct 01, 2021 |
| Original Creditor Name | PIEDMONT SOUTH IMAGING | Account Designator Code | INDIVIDUAL_ACCOUNT |
| Date Assigned | Apr 13, 2020 | Account Number | xxxxxx 37 |
| Original Amount Owed | $258 | Creditor Classification | Medical or Health Care |
| Amount | $258 | Last Payment Date | |
| Status Date | Oct 01, 2021 | Date of First Delinquency | Dec 07, 2019 |
| Status | UNPAID | | |

**Comments**

Medical

**Contact**

MERCHANTS ADJUSTMENT SERVICE
56 N FLORIDA STREET
MOBILE, AL  36607-3108
1-251-476-6666

| | | | |
|---|---|---|---|
| **Date Reported:** Oct 01, 2021 | | | |
| Collection Agency | MERCHANTS ADJUSTMENT SERVICE | Balance Date | Oct 01, 2021 |
| Original Creditor Name | PIEDMONT SOUTH IMAGING | Account Designator Code | INDIVIDUAL_ACCOUNT |
| Date Assigned | Mar 16, 2020 | Account Number | xxxxxx 92 |
| Original Amount Owed | $685 | Creditor Classification | Medical or Health Care |
| Amount | $685 | Last Payment Date | |
| Status Date | Oct 01, 2021 | Date of First Delinquency | Nov 10, 2019 |
| Status | UNPAID | | |
| **Comments** | | **Contact** | |
| Medical | | MERCHANTS ADJUSTMENT SERVICE 56 N FLORIDA STREET MOBILE, AL 36607-3108 1-251-476-6666 | |

23. The Defendant's reporting to Equifax was in conjunction with and designed to advance its collection of a consumer debt from Plaintiff.

24. It was incumbent upon Defendant to mark the account as disputed, both internally and in any reporting made to third parties.

25. Credit reporting is recognized as a powerful tool used to extract payment from consumer debtors. *Quale v. Unifund CCR Partners*, 682 F.Supp.2d 1274 (S.D. Ala. 2010)

**INJURIES-IN-FACT**

26. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*,

654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

27.   An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

28.   Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

29.   Defendant is subjecting Plaintiff to false, deceptive, and unfair means to collect the debt.

30.   Defendants acts and omissions caused particularized harm to the Plaintiff in that they give viewers of the Plaintiff's credit report a false impression of the status of the alleged debt and the Plaintiff's debt-to-income ratio.

31.   Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiff has suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

32. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, and unfair debt collection practices;

b.) Depressed credit scoring;

c.) Being cast in a negative and false light;

d.) Uncompensated time expended away from activities of daily living, to confer with counsel regarding the Defendant's collection efforts;

e.) The Plaintiff suffered a violation of her right to privacy.

f.) Anxiety and worry caused by concern that Defendant was going to continue to engage in false credit reporting. The anxiety and worry experienced by the Plaintiff was sufficient to negatively affect her demeanor, her ability to engage in daily activities, resulted in sleeplessness, and adversely affected her relationships with others.

## CAUSES OF ACTION

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 et. seq.**

*Violations of 15 U.SC. § 1692e and its subparts*

33. 15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

34. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

35. The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

36. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

37. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

38. The Defendant's failure to report the debt in collection as disputed is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8) and 1692e(10).

*Violations of 15 U.SC. § 1692f and its subparts*

39. The conduct of the Defendant as described herein was unfair and unconscionable. It preyed upon perceived lack of sophistication of the Plaintiff.

40. Defendant's conduct violated 15 U.S.C. § 1692f.

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
## O.C.G.A. § 10-1-390, et seq.

41. Plaintiff incorporates by reference paragraphs 1 through 40 as though fully stated herein.

42. O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

43. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

44. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

45. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

46. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

47. Defendant's conduct has implications for the consuming public in general.

48. Defendant's conduct negatively impacts the consumer marketplace.

49. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

50. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

51. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

52. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

53. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

**TRIAL BY JURY**

54. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.) Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.) Such other and further relief as may be just and proper.

Respectfully submitted this 25th day of February 2021.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
matt@mattberry.com
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*